IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE CRIMINAL )
COMPLAINT OF: )
)   Case No.   2:25-mj-5
EDUARDO HERNANDEZ-LOPEZ )
aka EDUARDO HERNANDEZ LOPEZ )
aka EDUARDO HERNANDEZ )
aka EDUARDO LOPEZ )

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, United States (U.S.) Immigration and Customs Enforcement (ICE) Deportation Officer, Santiago Quintero, being first duly sworn, depose and state as follows:

1. I am a Deportation Officer with more than five years of experience as a Deportation Officer with the U.S. Immigration and Customs Enforcement (ICE) and as a Customs and Border Protection Officer with the U.S. Customs and Border Protection. I am assigned to the Office of Enforcement and Removal Operations located in Westerville, Ohio. I have investigated both criminal and administrative matters involving aliens in the U.S. I have successfully completed the Deportation Officer Training Program as well as the Customs and Border Protection Officer Basic Training Program at the Federal Law Enforcement Training Center (FLETC) located in Glynco, Georgia.

2. While investigating EDUARDO HERNANDEZ-LOPEZ (HERNANDEZ-LOPEZ), I have learned the following facts:

3. HERNANDEZ-LOPEZ is a citizen of Mexico and not a citizen of the U.S.

4. On or about September 1, 2000, the United States Border Patrol (USBP) arrested HERNANDEZ-LOPEZ at or near Nogales, Arizona and processed him for Voluntary Return.

5. On or about May 10, 2010, ICE Enforcement and Removal Operations (ERO) Columbus officers arrested HERNANDEZ-LOPEZ at the Franklin County Jail in Columbus, Ohio and processed him for Warrant of Arrest/ Notice to Appear, placing him into removal proceedings. On or about May 10, 2010, ICE ERO Columbus served HERNANDEZ-LOPEZ Immigration Form I-862 (Notice to Appear), charging inadmissibility pursuant to Immigration and Nationality Act § 212(a)(6)(A)(i). On or about that same date, HERNANDEZ-LOPEZ requested and signed a Stipulated Request for Removal (STIP). On or about May 13, 2010, an immigration judge in Cleveland, Ohio signed his removal order. On or about May 25, 2010, ICE physically removed HERNANDEZ-LOPEZ to Mexico via

Laredo, Texas port of entry. On or about that date, HERNANDEZ-LOPEZ surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) of which he signed. HERNANDEZ-LOPEZ's departure was witnessed and Form I-205 was signed by an Immigration Officer.

6. On or about November 6, 2020, ICE ERO Columbus Fugitive Operations Team officers arrested HERNANDEZ-LOPEZ in Columbus, Ohio and processed him for Reinstatement of Removal. On or about November 6, 2020, ICE ERO Columbus served HERNANDEZ-LOPEZ with Immigration Form I-871 (Notice of Reinstatement of Prior Removal Order). On or about November 24, 2020, ICE physically removed HERNANDEZ-LOPEZ to Mexico via Brownsville, Texas port of entry. On or about that date, HERNANDEZ-LOPEZ surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation). HERNANDEZ-LOPEZ's departure was witnessed and Form I-205 was signed by an Immigration Officer.

7. On or about December 14, 2020, the USBP arrested HERNANDEZ-LOPEZ at or near Hidalgo, Texas and processed him for removal under Title 42, removing him to Mexico on or about the same date.

8. On or about December 20, 2020, the USBP arrested HERNANDEZ-LOPEZ at or near Hidalgo, Texas and processed him for removal under Title 42, removing him to Mexico on or about the same date.

9. On or about January 5, 2021, the USBP arrested HERNANDEZ-LOPEZ at or near Hidalgo, Texas and processed him for removal under Title 42, removing him to Mexico on or about the same date.

10. On or about January 8, 2021, the USBP arrested HERNANDEZ-LOPEZ at or near Hidalgo, Texas and processed him for removal under Title 42, removing him to Mexico on or about the same date.

11. On or about July 11, 2023, ICE ERO Columbus officers arrested HERNANDEZ-LOPEZ at the Franklin County Jail in Columbus, Ohio after he was released on local charges. ICE ERO Columbus officers processed HERNANDEZ-LOPEZ for Reinstatement of Removal. On or about July 11, 2023, ICE ERO Columbus served HERNANDEZ-LOPEZ with Immigration Form I-871 (Notice of Reinstatement of Prior Removal Order). On or about July 26, 2023, ICE physically removed HERNANDEZ-LOPEZ to Mexico through Brownsville, Texas port of entry. On or about that date, HERNANDEZ-LOPEZ surrendered his fingerprint and photo for Immigration Form I-205 (Warrant of Removal/Deportation) of which he signed. HERNANDEZ-LOPEZ's departure was witnessed and Form I-205 was signed by an Immigration Officer.

12. On or about November 24, 2024, the Franklin County Sheriff's Office arrested HERNANDEZ-LOPEZ on misdemeanor Domestic Violence, misdemeanor Assault, and misdemeanor Violation of Protection Order charges in Columbus, Ohio. On or about the same date, the Franklin County Sheriff's Office in Columbus, Ohio submitted HERNANDEZ-LOPEZ's fingerprints to the Law Enforcement Support Center (LESC) in Williston, Vermont. The LESC queried HERNANDEZ-LOPEZ's fingerprints in immigration

databases and confirmed HERNANDEZ-LOPEZ's identity as well as his inadmissibility to the U.S. The LESC then returned an electronic notification to the Pacific Enforcement Response Center (PERC), and to ICE ERO Columbus, Ohio notifying them that HERNANDEZ-LOPEZ is residing in the U.S. without lawful status and that HERNANDEZ-LOPEZ has not been granted permission from the Attorney General of the U.S. or the Secretary of the U.S. Department of Homeland Security to reenter the U.S. On or about November 24, 2024, the PERC placed an Immigration Form I-247A (Immigration Detainer – Notice of Action) for HERNANDEZ-LOPEZ at the Franklin County Jail (FCJ) in Columbus, Ohio

13. On December 12, 2024, ICE ERO Columbus officers encountered HERNANDEZ-LOPEZ at the Franklin County Jail in Columbus, Ohio, after receiving a notification call from the FCJ as requested in Form I-247A. It was determined after a verification of records and fingerprints that HERNANDEZ-LOPEZ had previously been removed from the United States and that he is subject to prosecution for illegal re-entry, having been found in the United States after being barred from reentering for a period of 20 years following his most recent removal in 2023.

14. Your Affiant uses the above facts to establish probable cause for a violation of Title 8 U.S. Code § 1326 (a)(1) and (2), being an alien who: (1) has been denied admission, deported, excluded, or removed, or has departed the U.S. while an order of exclusion, deportation or removal is outstanding; and thereafter (2) entered, attempted to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under title 18, or imprisoned not more than 2 years, or both.

Santiago Quintero  
Deportation Officer  
Immigration and Customs Enforcement

Sworn before me and subscribed in my presence on this __6th__ day of January 2025.

Chelsey M. Vascura  
U.S. Magistrate Judge

3



CRIMINAL RESOURCE MANUAL

CRM 1500-1999

# 1912. 8 U.S.C. 1326 -- Reentry After Deportation (Removal)

After the amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), subsection 1326(a) now makes it an offense for any alien who has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States, unless prior to the alien's reembarkation at a place outside the United States or his application from foreign contiguous territory, the Attorney General has expressly consented to such alien's for admission, or such alien shall establish that he was not required to obtain such advance consent under the Immigration and Nationality Act or any prior Act.

The basic statutory maximum penalty for reentry after deportation is a fine under title 18, imprisonment for not more than 2 years, or both. However, with regard to an alien whose "removal" was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), the statutory maximum term of imprisonment is 10 years. Moreover, if deportation was subsequent to conviction for an aggravated felony, the statutory maximum term of imprisonment is 20 years.

Although subsection 1326(a) now refers to any alien who has been "denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding," subsections 1326(b)(1) and (b)(2), relating to aliens with prior criminal convictions, refer only to aliens "whose removal was subsequent to a conviction." Read together, subsections 1326 (a) and (b) appear to suggest that the term "removal" in subsections 1326(b)(1) and (b)(2) includes the terms "denied admission," "excluded ," "deported," "removed," and "departed the United States while an order of exclusion, deportation, or removal is outstanding," as set forth in subsection 1326(a). Section 309(d) of the IIRIRA seems to support this conclusion, providing "any reference in law to an order of exclusion and deportation or an order of deportation." Nevertheless, 8 U.S.C. § 1326 does not define "removal," nor does do subsections 1326(b)(1) and (2) specifically provide that removal is synonymous with "denied admission," "excluded ," "deported," and "departed the United States while an order of exclusion, deportation, or removal is outstanding." In view of this apparent uncertainty, some United States Attorneys expressed concern that, for example, that a criminal alien prosecuted under § 1326(b) might argue that he is not subject to enhanced punishment because he had been "deported," not "removed."

To foreclose possible litigation in this area, the Department is considering proposing a technical amendment whereby the language in subsections 1326(b)(1) and (2) would track the language in subsection 1326(a).

[cited in JM 9-73.200] [updated September 2008]